UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS

PATRICIA MARTINEZ,
    Plaintiff,
v.                                                                                   Cause No.     3:23–cv-114

KBR, INC. d/b/a KELLOGG BROWN &
ROOT (KBR), INC. a/k/a KBR TECH
SERVICES, INC. a/k/a KELLOGG BROWN &
ROOT SERVICES INTERNATIONAL, INC.
a/k/a KBR SERVICES INTERNATIONAL, INC.,
    Defendant.

PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE UNITED STATES DISTRICT COURT:

    Plaintiff Patricia Martinez ("Employee Martinez" or "Plaintiff"), now complains of Defendant KBR, Inc. d/b/a Kellogg Brown & Root (KBR), Inc. a/k/a KBR Tech Services, Inc. a/k/a Kellogg Brown & Root Services International, Inc. a/k/a KBR Services International, Inc. ("Employer KBR" or "Defendant"), and respectfully shows the Court and jury as follows:

I. PARTIES

1.     Patricia Martinez is a natural person residing in El Paso, Texas.

2.     KBR, Inc. d/b/a Kellogg Brown & Root (KBR), Inc. a/k/a KBR Tech Services, Inc. a/k/a Kellogg Brown & Root Services International, Inc. a/k/a KBR Services International, Inc. is a foreign for-profit corporation organized under the laws of the state of Delaware, which may be served with process by serving its registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201, or wherever it may be found.

II. JURISDICTION

3.     Jurisdiction is proper in this Honorable Court based on federal question jurisdiction.

## III. FACTUAL CHRONOLOGY

4. Employers must compensate employees for required overtime hours, by paying the employees the regular rate times one and a half, to protect employees, like all of us, from financial losses and emotional trauma.

5. KBR, Inc. d/b/a Kellogg Brown & Root (KBR), Inc. a/k/a KBR Tech Services, Inc. a/k/a Kellogg Brown & Root Services International, Inc. a/k/a KBR Services International, Inc. is an employer.

6. Employer KBR must compensate employees for required overtime hours, by paying the employee the regular rate times one and a half, to protect employees, like all of us, from financial losses and emotional trauma.

7. On or about October 25, 2021, Employer KBR hires an Employee.

8. Employer KBR engages in interstate commerce by receiving shipments of goods and products from other states.

9. Employer KBR engages in interstate commerce by sending shipments of goods and products to other states.

10. Employer KBR engages in interstate commerce by purchasing goods in other states.

11. Employer KBR engages in interstate commerce by accepting customers from other states.

12. Employer KBR engages in interstate commerce by providing services to customers from other states.

13. Employer KBR engages in interstate commerce by providing services to customers in other states.

14. Employer KBR engages in interstate commerce by advertising in other states.

15. Employer KBR engages in interstate commerce by advertising through a website which

receives visitors from other states.

16. Employer KBR engages in interstate commerce by processing payments through interstate wires.

17. Employer KBR engages in interstate commerce by operating business facilities in other states.

18. On or about February 22, 2022, Employer KBR transfers the Employee to work as a Logistics Warehouseman.

19. From October 25, 2021 through September 9, 2022, Employer KBR requires the Employee to work overtime.

20. From October 25, 2021 through September 9, 2022, Employer KBR pays the Employee time and a half for only some of the overtime hours which Employer KBR requires the Employee to work. For the remaining overtime hours, Employer KBR refuses to pay the Employee time and a half, and instead only pays the Employee the regular hourly rate for this overtime worked.

21. Specifically, Employer KBR engaged in wage theft when it refused to pay the Employee time and a half for the following overtime hours:

| Pay Period Starts | Pay Period Ends | Overtime Hours Owed |
|---|---|---|
| 11/06/2021 | 11/19/2021 | 7 |
| 11/20/2021 | 12/03/2021 | 8 |
| 02/26/2022 | 03/11/2022 | 8 |
| 3/12/2022 | 03/25/2022 | 16 |
| 3/26/2022 | 04/08/2022 | 11 |
| 05/07/2022 | 05/20/2022 | 6 |
| 05/21/2022 | 06/03/2022 | 66 |

| Pay Period Starts | Pay Period Ends | Overtime Hours Owed |
|---|---|---|
| 06/04/2022 | 06/17/2022 | 116 |
| 06/18/2022 | 07/01/2022 | 116 |
| 07/02/2022 | 07/15/2022 | 116 |
| 07/16/2022 | 07/29/2022 | 116 |
| 07/30/2022 | 08/12/2022 | 102 |
| 08/13/2022 | 08/26/2022 | 76 |
|  | **Total Hours Owed:** | **764** |

22. That Employee is Patricia Martinez.

## IV. CAUSES OF ACTION

### Refusal to Pay Compensation in Violation of the FLSA.

23. For the reasons discussed *supra*, Employee Martinez qualifies as an employee under the Fair Labor Standards Act, 29 USC § 201 *et seq*. ("FLSA"). Employee Martinez is not exempt from the FLSA because the portion of Employee Martinez's compensation which is salary is less than $684 per week.

24. For the reasons discussed *supra*, Employer KBR qualifies as an employer under the Fair Labor Standards Act, 29 USC § 201 *et seq*. ("FLSA") by engaging in interstate commerce.

25. In violation of the FLSA, Employer KBR does not pay Employee Martinez compensation for overtime hours to which Employee Martinez is entitled.

## V. DAMAGES

26. As a direct and proximate result of Defendant's retaliation and conduct against Plaintiff, as described above, Plaintiff has suffered harms and losses. Plaintiff's harms and losses include statutory damages under the FLSA.

## VI. JURY DEMAND

27. Plaintiff requests that this case be decided by a jury as allowed by Federal Rule of Civil Procedure 38.

## VII. ATTORNEYS' FEES AND COSTS

28. Plaintiff is entitled to recover reasonable and necessary attorney's fees and costs under the FLSA, including any applicable expert fees.

## VIII. PRAYER

29. Plaintiff prays that she recover from Defendant statutory damages, and actual damages, including but not limited to, past and future lost earnings, mental anguish and inconvenience, emotional pain and suffering, loss of enjoyment of life, bodily injury, pain and suffering, economic damages and benefits in the past and future, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, attorney fees and expert fees, court costs and all costs of suit and such other and further relief to which Plaintiff may show herself to be justly entitled, in law and in equity.

**SIGNED** on March 17, 2023.

Respectfully submitted,

**CHAVEZ LAW FIRM**
2101 Stanton Street
El Paso, Texas 79902
(915) 351-7772

By: _____

**Enrique Chavez, Jr.**
enriquechavezjr@chavezlawpc.com
State Bar No.: 24001873
**Michael R. Anderson**
manderson@chavezlawpc.com
State Bar No.: 24087103
*Attorneys for Plaintiff*